IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Newark Vicinage)

| | | |
|---|---|---|
| TIFFANIE TALLEY-BAINES, | : | CIVIL ACTION NO: |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| VERIZON NEW JERSEY INC. | : | |
| *Defendant.* | : | JURY TRIAL DEMANDED |
| | : | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of the Plaintiff, Tiffanie Talley-Baines ("Plaintiff Talley-Baines"), a former employee of the Defendant, Verizon New Jersey Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. § 1981(a), 42 U.S.C. §1981 ("§1981"), and the New Jersey Law Against Discrimination, N.J. Stat. §10:5-1 et seq. ("NJLAD").

### II. JURISDICTION AND VENUE:

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff Talley-Baines' claims are substantively based on Title VII and §1981 and a substantial part of the events giving rise to Plaintiff Talley-Baines' claims occurred within this district.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Talley-Baines' claims arising under the NJLAD.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Talley-Baines has satisfied all jurisdictional prerequisites to the maintenance of this action. Additionally, on September 19, 2016, the Equal Employment Opportunity Commission ("EEOC") issued Notices of Right to Sue and this action has been filed within ninety (90) days of receipt of said Notices.

### III. PARTIES:

6. Plaintiff, Tiffanie Talley-Baines ("Plaintiff Talley-Baines"), is a forty-one (41) year old female citizen of the State of New Jersey, residing therein at 612 N. Church Street, Moorestown, New Jersey 08057.

7. Defendant, Verizon New Jersey, Inc. ("Defendant"), is a corporation maintaining a place of business at 290 West Mount Pleasant Avenue, Livingston, New Jersey 07039.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, §1981 and the NJLAD. Accordingly, the Defendant is subject to the provisions of each said Act.

### IV. STATEMENT OF CLAIMS

10. Plaintiff Talley-Baines, an African-American individual, was employed by the Defendant from in or about June of 2014 until on or about March 26, 2015, the date of her unlawful termination.

11. During the course of her employment with the Defendant, Plaintiff Talley-Baines was hired as a Sales Supervisor/Team Leader and was quickly promoted to Business Operations Supervisor/Customer Service Manager. At all times, Plaintiff Talley-Baines maintained a satisfactory job performance rating in said capacities.

12. At all times material hereto, Plaintiff Talley-Baines reported to her direct supervisor George Jones ("Jones"), Call Center Manger and African-American male. Upon information and belief, Plaintiff Talley-Baines was the only African-American who reported directly to Jones.

13. Beginning in or about July of 2014, and continuing through Plaintiff Talley-Baines' unlawful termination, Jones subjected Plaintiff Talley-Baines to various instances of discrimination against Plaintiff Talley-Baines on the basis of her race (African-American).

14. By way of example, in or about July of 2014, Jones abruptly limited Plaintiff Talley-Baines' lunch breaks to thirty (30) minutes. Notably, Jones allowed Katherine Gere ("Gere"), Sales Supervisor/Team Leader and Caucasian female, to take significantly longer lunch breaks on numerous occasions. Consequently, Plaintiff Talley-Baines registered a complaint of race discrimination with Jones regarding the same. In response, Jones flatly dismissed Plaintiff Talley-Baines' complaint and continued to permit Gere to take lunch breaks that were significantly longer than thirty (30) minutes.

15. By way of further example, on or about September 4, 2014, during a district wide conference call in which the Defendant's Call Center Manager recognized the "Sales Supervisor/Team Leader" with the highest performance score, Jones recognized Gere despite Plaintiff Talley-Baines possessing the top performance score. Upon information and belief,

Plaintiff Talley-Baines was the only top performing Sales Supervisor/Team Leader that was not recognized by a Call Center Manager.

16. Shortly thereafter, on or about September 5, 2014, Plaintiff Talley-Baines registered another complaint of discrimination with Jones regarding the differential treatment to which she was subjected on the basis of her race (African-American). Once again, Jones failed to address said complaint.

17. On or about November 1, 2014, Plaintiff Talley-Baines was promoted to Business Operations Supervisor/Customer Service Manager, after Angela Catron ("Catron"), a Caucasian female whom Jones initially selected for the promotion, declined to accept said position.

18. Accordingly, Jones and Plaintiff Talley-Baines agreed that Plaintiff Talley-Baines would be able to work remotely from home one (1) day per week as an element of Plaintiff Talley-Baines' compensation package for said new position. However, immediately subsequent to Plaintiff Talley-Baines acceptance of the promotion, Jones abruptly prohibited Plaintiff Talley-Baines from working remotely.

19. Further upon Plaintiff Talley-Baines' acceptance of the promotion, Jones revoked Plaintiff Talley-Baines' previously agreed-upon policy of permitting her to work one (1) day per week from home.

20. Notably, upon information and belief, when Jones had offered Catron the Business Operations Supervisor/Customer Service Manager position, he simultaneously offered her the ability to work remotely at least two (2) days per week. Accordingly, Plaintiff Talley-Baines registered yet another complaint with Jones regarding the differential treatment to which she was subjected on the basis of her race (African-American). Jones

responded that Catron was offered the opportunity to work remotely because of familial responsibilities. In response, Plaintiff Talley-Baines informed Jones that she also had a family, to which Jones merely shrugged his shoulders -- in an incredulous manner -- at Plaintiff Talley-Baines.

21. Subsequent thereto, in or about November of 2014, Plaintiff Talley-Baines registered a complaint of discrimination with Wilma Brockington ("Brockington"), Human Resources Business Partner, regarding the aforesaid. Upon information and belief, Brockington failed to conduct an investigation or undertake any remedial measures in response thereto.

22. In or about December of 2014, and in response to Jones' continued differential treatment of Plaintiff Talley-Baines, Plaintiff Talley-Baines reiterated to Brockington her complaint regarding the differential treatment to which she was subjected on the basis of her race (African-American). Again, upon information and belief, Brockington failed to conduct an investigation or undertake any remedial measures in response thereto.

23. Subsequently, in or about December of 2014, Plaintiff Talley-Baines requested to work remotely from home on or about December 23, 2014. Jones denied Plaintiff Talley-Baines' request. Shortly thereafter, Jones offered Katherine Jette ("Jette"), Sales Supervisor/Team Leader and Caucasian female, the opportunity to work remotely from home. Notably, Jette lives significantly closer to the Defendant's premises in comparison to Plaintiff Talley-Baines, who drives two (2) hours to work each way.

24. On or about January 13, 2015, Plaintiff Talley-Baines registered yet another complaint to Jones regarding the differential treatment to which she was subjected on the

basis of her race (African-American). Jones again failed to address Plaintiff Talley-Baines' complaint.

25. Further, on or about the same date, Plaintiff Talley-Baines showed Jones a picture of her son, to which Jones commented, "Yeah, that's what I'm talking about, he likes those pink toes," referencing the fact that Plaintiff Talley-Baines' son was standing with Caucasian females.

26. Moreover, on or about the same date, Plaintiff Talley-Baines and Jones witnessed Gere smoking marijuana while on company time. Plaintiff Talley-Baines immediately asked Jones how he was going to enforce the Defendant's policy prohibiting illegal drug use, to which Jones advised that he would not enforce said policy.

27. In or about January of 2015, Jones failed to conduct the compensation section of Plaintiff Talley-Baines' annual review, which delayed the processing of bonus disbursement to Plaintiff Talley-Baines. Upon information and belief, Jones properly conducted said section for the annual review of similarly situated, Caucasian females.

28. In response thereto, in or about February of 2015, Plaintiff Talley-Baines registered yet another complaint with Brockington regarding the differential treatment to which she was subjected on the basis of her race (African-American). Again, Jones failed to address said complaint.

29. In or about March of 2015, both Plaintiff Talley-Baines and Jett were scheduled to leave work early, but Jones only permitted Jett to leave. Specifically, Jones yelled at Plaintiff Talley-Baines, "Don't leave this office!"

30. Immediately thereafter, Plaintiff Talley-Baines registered another complaint with Brockington regarding the differential treatment to which she was subjected on the basis of

her race (African-American). Upon information and belief, Brockington failed to conduct an investigation or undertake any remedial measures in response thereto.

31. Shortly thereafter, on or about March 26, 2015, in retaliation for Plaintiff Talley-Baines' stated opposition to unlawful discrimination, Jones terminated Plaintiff Talley-Baines' employment with the Defendant.

32. The Plaintiff Talley-Baines believes and avers that the Defendant's actions were improperly motivated and predicated upon unlawful race discrimination. Additionally, Plaintiff Talley-Baines believes and avers that her termination was retaliatory in nature and caused by her repeated opposition to unlawful race discrimination in the workplace.

**COUNT I**
**(Violations of Title VII – Race Discrimination and Retaliation)**
**Plaintiff Talley-Baines vs. the Defendant**

33. Plaintiff Talley-Baines incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth at length herein.

34. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Talley-Baines to discrimination on the basis of her race (African-American) and retaliation for opposing unlawful discrimination in the workplace, constitute violations of Title VII.

35. A s a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Talley-Baines sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Talley-Baines suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (Violations of the NJLAD – Race Discrimination and Retaliation)
### Plaintiff Talley-Baines vs. the Defendant

37. Plaintiff Talley-Baines incorporates by reference paragraphs 1 through 36 of this Complaint as though fully set forth at length herein.

38. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Talley-Baines to discrimination on the basis of her race (African-American) and retaliation for opposing unlawful discrimination in the workplace, constitute violations of the NJLAD.

39. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of NJLAD, Plaintiff Talley-Baines sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

40. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of NJLAD, Plaintiff Talley-Baines suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (42 U.S.C. §1981 – Race Discrimination and Retaliation)
### Plaintiff Talley-Baines v. Defendant

41.     Plaintiff Talley-Baines incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set forth at length herein.

42.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Talley-Baines to discrimination on the basis of her race (African-American) and retaliating against Plaintiff Talley-Baines for opposing unlawful race discrimination in the workplace, constituted a violation of 42 U.S.C. §1981.

43.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, as aforesaid, Plaintiff Talley-Baines sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

44.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, Plaintiff Talley-Baines suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

45.     Plaintiff Talley-Baines incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Talley-Baines respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and Order the following relief:

a. Defendant compensate Plaintiff Talley-Baines with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation.

b. Defendant pay to Plaintiff Talley-Baines punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as allowable by law.

c. Defendant pay to Plaintiff Talley-Baines pre-judgment and post-judgment interest, costs of suit, attorney's fees, and expert witness fees, as allowable by law;

d. Defendant pay to Plaintiff Talley-Baines such further and additional relief as may be just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff Talley-Baines demands a trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By:   /s/Neelima Vanguri, Esquire
NEELIMA VANGURI, ESQUIRE
I.D. NO.: 028122009
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff Talley-Baines**

Dated: December 16, 2016